1 tSULLIVAN, J.,
concurring in part and dissenting in part.
I concur with the majority that the jury committed legal error in failing to award any general damages in this case. However, I respectfully dissent from the increase in medical expenses and the award of $40,000 in general damages. In my opinion, the record supports a general damage award of no more than $2,500 for this regrettable but minor episode.
The record establishes that John Scott was a troubled youth before this incident. As the majority states, “John Scott had a history of hostile and unusual behavioral characteristics that required counseling and psychiatric attention prior to the overdose.” He was already being treated for post-traumatic stress disorder, and he had an upcoming psychological visit that had been scheduled before the overdose. | ^During the few days that he was over-medicated, John Scott exhibited aberrant violent behavior, but he required only one night of hospitalization, having been released when all tests came back negative. The medical experts testified that neither the hospitalization nor the medication error should have affected John Scott’s academic skills. Even the majority concludes that John Scott is not in need of future counseling or tutoring.
The majority purports to consider these factors, but they are not reflected in the result it reaches. Given John Scott’s preexisting psychological problems and the medical testimony about the effects of Prozac, I do not agree that the Plaintiffs have incurred additional medical expenses and general damages of $40,000 as the result of this accidental overdose.